UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| MARCUS T. ALEXANDER *et al.*, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>PEOPLE OF THE STATE )<br>OF ILLINOIS *et al.*, )<br>    Defendants. ) | Case No. 23-cv-01364 |

## ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Complaint (Doc. 1) filed under 42 U.S.C § 1983 by Plaintiffs Marcus T Alexander, Jonathan Alexander, Titus Leonard, George E. Love, Xzavier Talton, and Brandon Walker, who allege constitutional violations against the People of the State of Illinois and the Peoria County Jail ("Jail").

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the complaint, the court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Under Federal Rule of Civil Procedure 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016); *see Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013) ("[A] plausible claim must include 'factual content' sufficient to allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In addition to describing the claim, a plaintiff must also give "some indication . . . of time and place." *Thomson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004).

Plaintiffs pleading asserts Jail officials are "not performing their obligated duties to provide safety" and their "right to medical treatment." (Doc. 1 at 2:4.) Plaintiffs continue they "suffer substantially" because of the Jail officials' inability to perform "safe and healthy acts." (*Id*. at 3:7.) Plaintiffs recall that on September 9, 2023, at about 9 p.m., corrections officer Rutherford escorted a nurse dispensing medication when they discovered another detainee deceased in his cell. (*Id*. at 4:12.) Plaintiff also identifies corrections officers Barrens, Harting, Huffman, Rothston, and Wright, who worked different shifts on September 9, 2023. Plaintiffs also allege Jail officials wear uniforms with incorrect name badges, and detainees are not provided clean bedding or Jail uniforms.

The Court concludes Plaintiffs' Complaint fails to state any plausible claims. Initially, the Court notes neither the State of Illinois nor a Jail are proper Defendants. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983 [when sued for damages]."); s*ee also Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (concluding a building, such as a jail or correctional facility, cannot be sued under § 1983).

Furthermore, Plaintiffs' vague and general allegations do not establish how a person acting under color of state law violated their constitutional rights. *See Snyder v. King*, 745 F.3d 242, 246 (7th Cir. 2014) ("Section 1983 only permits an individual to sue a 'person' who deprives that individual of his or her federally-guaranteed rights under color of state law.") For example, despite identifying corrections officers working different shifts on September 9, 2023, Plaintiffs do not mention the specific acts or omissions each officer committed to permit the Court to infer a constitutional violation. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Accordingly, the Court dismisses Plaintiffs' Complaint for failure to state a claim for relief. Despite the Court's dismissal, the Court grants Plaintiffs leave to file an amended complaint. However, Plaintiffs must decide if they want to continue to bring their claims together in the same lawsuit.

District courts are required to accept joint complaints if they meet the criteria of Rule 20. *See Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004) ("[D]istrict courts must accept complaints filed by multiple prisoners if the criteria of permissive joinder are

satisfied."). However, "a district court may turn to other rules of civil procedure to manage a multi-plaintiff case. For example, if appropriate, claims may be severed pursuant to Rule 20(b), pretrial orders may be issued providing for a logical sequence of decision pursuant to Rule 16, parties improperly joined may be dropped pursuant to Rule 21, and separate trials may be ordered pursuant to Rule 42(b)." *Kammeyer v. True*, 2019 WL 3458791, at *1 (S.D. Ill. July 31, 2019) (citing *Boriboune*, 391 F.3d at 854.

The Seventh Circuit Court of Appeals advised district courts should inform Plaintiffs of the consequences of multi-plaintiff lawsuits. *Boriboune*, 391 F.3d at 856.

> [E]ach plaintiff assumes the risk of sanctions for improper conduct by another plaintiff; and if the claims submitted contain unrelated claims against unrelated defendants, those claims may be severed into one or more new cases, with filing fees owing for each severed case. Plaintiffs can reduce the risk of many of these problems by filing on their own, and for that reason district courts are encouraged to warn pro se plaintiffs of the risks of joining together before allowing them to proceed collectively. The (Plaintiffs) should consider themselves warned—if the amended complaint is brought by them all and signed by them all, the case will proceed as a multi-plaintiff one, presuming joinder is proper under the federal rules.

*Ditterline v. Mounds Police Department*, 2015 WL 13832612, at *1 (S.D. Ill. Dec. 7, 2015). The Court also advises Plaintiffs that strikes accessed under 28 U.S.C. § 1915(g) (the "strike-out" statute) apply to all co-plaintiffs. *See Ross v. Hardy*, 2013 WL 951164, at *2 (N.D. Ill. March 12, 2013).

If the Plaintiffs wish to proceed with this case collectively, they must file an amended complaint within thirty days of the Court's entry of this Merit Review Order. If

Plaintiffs instead desire to file separate pleadings, each Plaintiff should file an amended complaint within thirty days of the Court's entry of this Merit Review Order.

Regardless of Plaintiffs' decision, any amended complaint must contain a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The Court does not accept piecemeal amendments. The amended complaint must stand independently without reference to the initial filing and contain all claims against all defendants. In other words, the amended complaint must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

**IT IS THEREFORE ORDERED:**

1) **The Court DISMISSES Plaintiffs' Complaint (Doc. 1) under 28 U.S.C. 1915A(b)(1) for failure to state a federal claim on which relief may be granted.**

2) **The Court GRANTS Plaintiffs leave to file an amended complaint within thirty days of the entry of this order. If Plaintiffs do not submit a collective amendment on or before the thirty-day deadline or their individual or collective revisions do not comply with the Court's guidance, the Court will dismiss the respective pleadings without prejudice.**

ENTERED October 2, 2023.

s/ *Colleen R. Lawless*
_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE
